IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANITA JURCZAK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:24-CV-1419-RP |
| GCRE/TX MAIN MARKETPLACE LLC, et al., | § § § § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiff's Motion to Remand, (Mot., Dkt. 20). Defendants did not file a response. After considering the motion and the relevant law, the Court will grant the motion.

Plaintiff filed her Original Petition in this case on June 4, 2024, in state court, asserting negligence, gross negligence, and premises liability claims against Defendants. (*Id.* at 1). Plaintiff also provided notice of Americans with Disabilities Act ("ADA") claims. (*Id.*). On October 17, 2024, Plaintiff filed her First Amended Petition incorporating ADA claims and adding TIG Real Estate Services, Inc. as an additional party after they were identified in disclosures. (*Id.* at 1–2). Defendants subsequently removed this case to federal court on November 18, 2024. (*Id.* at 2).

After Defendants filed motions to dismiss, (*see* Dkts. 12, 16, 17), Plaintiff amended her complaint on January 3, 2025. (Dkt. 19). The amended complaint eliminated Plaintiff's ADA claims. (*Id.*). Plaintiff now asks this Court to remand the case to state court because the Court does not have jurisdiction over the remaining claims. (Mot., Dkt. 20, at 2).

When a "plaintiff amends her complaint to delete all the federal-law claims, leaving nothing but state-law claims behind, the federal court loses its supplemental jurisdiction over the related state-law claims." *Royal Canin U. S. A., Inc. v. Wullschleger*, No. 23-677, 2025 WL 96212, at *3 (Jan. 15, 2025); *see also Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("[A]

1

court should decline to exercise [supplemental] jurisdiction over the remaining state-law claims when all federal-law claims are eliminated before trial."). Here, after removal, Plaintiff amended her complaint to eliminate the federal ADA claims, leaving behind only claims for negligence, gross negligence, and premises liability. (Mot., Dkt. 20, at 4). The Court may not exercise supplemental jurisdiction over these state-law claims. Accordingly, the Court **ORDERS** that Plaintiff's Motion to Remand, (Dkt. 20), is **GRANTED**. This action is **REMANDED** to the 480th Judicial District Court in Williamson County, Texas.

As there is nothing further to resolve, **IT IS ORDERED** that the case is **CLOSED**.

**SIGNED** on February 4, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE